UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLEG ANATOLYEVICH BORISOV,<br><br>Plaintiff,<br><br>v.<br><br>ALAMO RENT A CAR, et al.,<br><br>Defendants. | CASE NO. C18-5847 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Chase Bank USA, National Association, JPMorgan Chase & Co., and JPMorgan Chase Bank National Association's (collectively "Chase") motion to dismiss, Dkt. 13; Plaintiff Oleg Anatolyevich Borisov's ("Borisov") motion for summary judgment, Dkt. 14, and Defendants Alamo Rent A Car ("Alamo"), Enterprise Holdings, Inc. ("Enterprise"), and Snorac, LLC's ("Snorac") (collectively the "Enterprise Defendants") motion to dismiss, Dkt. 16.  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motions to dismiss and denies Borisov's motion as moot for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL HISTORY

On April 25, 2018, Borisov filed a complaint in Clark County Superior Court for the State of Washington. *Borisov v. Alamo Rent A Car*, Cause No. C18-5429BHS, Dkt. 1-2. On May 30, 2018, Chase removed the matter to this Court. *Id.*, Dkt. 1. On June 4, 2018, Borisov filed an amended complaint dismissing his only federal claim. *Id.*, Dkt. 13. On August 20, 2018, the Court *sua sponte* remanded after declining to exercise supplemental jurisdiction over Borisov's remaining state law claims. *Id.*, Dkt. 37.

On October 17, 2018, Borisov filed a second amended complaint ("SAC") asserting ten causes of action as follows: (1) civil conspiracy in violation of the Federal Credit Billing Act ("FCBA"), 15 U.S.C. § 1666(a) and (b), for failure to explain two places at same time economic theory; (2) civil conspiracy in violation of 15 U.S.C. § 1666(a) and (b) for failure to correct; (3) civil conspiracy in violation of 15 U.S.C. § 1666a(a) for unlawful collection; (4) civil conspiracy in violation of 15 U.S.C. § 1666a(b) for unlawful reporting; (5) civil conspiracy in violation of 15 U.S.C. § 1666a(c) for failure to resolve reporting; (6) civil conspiracy in violation of 15 U.S.C. § 1666b(a) for unlawful late payment threats; (7) civil conspiracy in violation of 15 U.S.C. § 1666c(a) and (b) for failure to discontinue collection; (8) civil conspiracy in violation of 15 U.S.C. § 1666(d) for failure to refund; (9) civil conspiracy in violation of 15 U.S.C. § 1666e for failure to post credit: (10) civil conspiracy in violation of 15 U.S.C. § 1666i-1 for unlawful interest and finance charges; (11) civil conspiracy to violate RCW 9.35.020(1), .020(2), .020(7) for identity theft civil damages; (12) civil conspiracy to violate RCW 9.35.020(1), .020(2), .040(7) for failure to disclose; (13) civil conspiracy to violate the

Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86; (14) conspiracy to inflict economic harm for punitive damages; (15) conspiracy to inflict economic harm for specific performance; (16) conspiracy to inflict economic harm for permanent injunction; (17) credit repair; and (18) a cause of action for attorney's fees. Dkt. 1-2 at 19–29. Chase removed the matter on the same day. Dkt. 1.

On October 24, 2018, Chase moved to dismiss, Dkt. 13, and Borisov moved for summary judgment, Dkt. 14. On November 7, 2018, the Enterprise Defendants filed a motion to dismiss and to strike. Dkt. 16. On November 8, 2018, the Enterprise Defendants responded to Borisov's motion. Dkt. 20. On November 11, 2018, Borisov responded to Chase's motion. Dkt. 22. On November 14, 2018, Borisov responded to the Enterprise Defendants' motion. Dkt. 23. On November 15, 2018, Borisov replied to the Enterprise Defendants' response. Dkt. 24. On November 16, 2018, Chase replied to Borisov's response. Dkt. 25. On November 19, 2018, Chase responded to Borisov's motion. Dkt. 26. On November 23, 2018, Borisov's replied to Chase's response. Dkt. 28. On December 6, 2018, the Enterprise Defendants replied to Borisov's response. Dkt. 29.

On January 2, 2019, the matter was transferred to the undersigned as related to the previous matter. Dkt. 31.

## II. FACTUAL BACKGROUND

On July 22, 2017, Borisov rented a vehicle from an Alamo location in Syracuse, New York and allegedly returned the vehicle to an Alamo location in New York, New York that same day. SAC, ¶¶ 14–20. Borisov expected to pay $234.00 for the one-day

vehicle rental; however, on August 13, 2017, Alamo charged $3,623.17 to Borisov's Chase credit card. *Id.*, ¶¶ 22, 29. The higher-than-expected amount is based on Alamo's records indicating that Borisov's "rental period" spanned twenty-three days: January 22, 2017 to August 13, 2017. *Id.*, ¶ 32.

After discovering the higher-than-expected charge and unsuccessfully disputing the charge through Alamo, Borisov visited a Chase bank location in Vancouver, Washington and disputed the charge through Chase's formal billing dispute resolution process. *Id.*, ¶¶ 23–30. On August 15, 2017, Chase sent a letter to Borisov identifying the disputed charge and advising Borisov that he was not required to pay the disputed amount while Chase worked to provide a resolution. *Id.*, ¶ 31. On October 28, 2017, Chase sent a letter to Borisov detailing Chase's research efforts regarding the dispute and concluding that Chase "consider[s] the [charge] valid based on [Chase's] research and the information provided to [Chase]." *Id.*, ¶ 34. In the letter, Chase explained that it researched the issue as follows: (i) Chase contacted Alamo to obtain a credit for Borisov's account, (ii) Alamo sent Chase information showing why Alamo believed the charge was valid, (iii) Chase sent that information to Borisov in a letter and asked him whether he wanted to continue the dispute, and (iv) Chase did not receive a response from Borisov and tried unsuccessfully to contact Borisov about the dispute. *Id.* Finally, the letter advised Borisov that the charge would be included in the balance on his next billing statement. *Id.*

Borisov initiated another dispute with Chase. On November 20, 2017, Chase sent a letter to Borisov advising that he was not required to pay the disputed amount while

Chase worked to provide a resolution. *Id.*, ¶ 38. On December 8, 2017, Chase sent a letter to Borisov detailing Chase's investigatory efforts regarding the second dispute and concluding that Chase "consider[s] the [charge] valid based on [Chase's] research." *Id.*, ¶ 41. In the letter, Chase explained that it researched the issue as follows: (i) Chase contacted Alamo to obtain a credit for Borisov's account, (ii) in reviewing the information provided to Chase by Borisov and Alamo, Chase found that Alamo submitted the charge for the amount agreed to "at the time of purchase," and (iii) Chase cannot support the proposition that Borisov is due a credit without documentation showing that Borisov was charged the wrong amount. *Id.* Finally, the letter advised Borisov that the charge would be included in the balance on his next statement. *Id.*

### III. DISCUSSION

**A. Motions to Dismiss**

Chase moves to dismiss for failure to state a claim. Dkt. 13. The Enterprise Defendants move to dismiss (1) Borisov's claims against Alamo because it is not an entity subject to suit, (2) Borisov's claims against Enterprise and Snorac for lack of personal jurisdiction, and (3) any remaining claims for failure to state a claim. Dkt. 16. The Enterprise Defendants also move to strike material in Borisov's complaint. *Id.*

**1. Alamo**

The Enterprise Defendants move to dismiss Alamo because it is only a trade name and lacks the capacity to be sued. Dkt. 16 at 4–5. Borisov failed to respond to this argument, which the Court considers as an admission that the argument has merit. Local Rules W.D. Wash. LCR 7(b)(2). Regarding the merits, the Court agrees with the

Enterprise Defendants that a non-entity trade name lacks the capacity to be sued and should be dismissed. Fed. R. Civ. P. 17(b). Therefore, the Court grants the Enterprise Defendants' motion on this issue.

### 2. Personal Jurisdiction

Claims against a defendant may be dismissed when a court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a defendant seeks dismissal on these grounds, the plaintiff must prove jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). To determine whether it has jurisdiction over a defendant, a federal court applies the law of the state in which it sits, as long as that law is consistent with federal due process. *Diamler AG v. Bauman*, 571 U.S. 117, 125 (2014). Washington grants courts the maximum jurisdictional reach permitted by due process. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). Thus, the only question remaining for a Washington district court is whether the Court's exercise of jurisdiction comports with the limitations imposed by due process. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984). A court may not exercise jurisdiction over a defendant if that exercise of jurisdiction "offend[s] traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Fair play and substantial justice mandate that a defendant has minimum contacts with the forum state before it may be hailed into a court in that forum. *Id.* The extent of those contacts can result in either general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If the requirements for either are met, a court has jurisdiction over the parties. *Helicopteros*, 466 U.S. at 413–14.

General jurisdiction permits a court to consider claims against a person or a corporation for any conduct, even that which occurred outside the forum state. *Goodyear*, 564 U.S. at 924; *Daimler*, 571 U.S. at 126–27. A corporation's mere presence within a state is not sufficient to establish general jurisdiction. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017). Rather, the corporation's contacts with the state must be "so continuous and systematic as to render [it] essentially at home." *Goodyear*, 564 U.S. at 919. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id*. "Th[at] inquiry 'calls for an appraisal of a corporation's activities in their entirety.'" *BNSF*, 137 S. Ct. at 1559 (quoting *Daimler*, 571 U.S. at 139 n.20).

Specific jurisdiction permits a district court to exercise jurisdiction over a nonresident defendant for conduct that "create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). To prove that specific jurisdiction exists in a tort-based action, a plaintiff must demonstrate that: (1) a defendant purposefully directed its activities at the forum state, (2) the lawsuit arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Picot*, 780 F.3d at 1211. A defendant purposefully directs its conduct toward a forum state when its actions are intended to have an effect within the state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2003). This occurs if the defendant: "(1) commit[s] an intentional act, (2) expressly aimed at the

forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Financial Co.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

In this case, Enterprise and Snorac move to dismiss for lack of personal jurisdiction. Enterprise asserts that it is a Missouri corporation with its principal place of business in Missouri. Dkt. 16 at 8. Snorac asserts that it is a New York corporation with its principal place of business in New York. *Id.* at 9. Both entities argue that Borisov fails to establish general jurisdiction over either because he fails to show continuous and systematic contacts with Washington. In fact, both entities assert that neither of them conducts any business in Washington. Borisov fails to counter these assertions. Therefore, the Court grants the motion as to general jurisdiction.

Regarding specific jurisdiction, Enterprise and Snorac assert that neither of them directed any activity at Washington. *Id.* at 8–10. Although the majority of Borisov's response centers on the physical impossibility of him being in New York past the one day he rented the vehicle, he does briefly mention that Enterprise and Snorac knew he was a Washington resident when he rented the vehicle. *See* Dkt. 23. Borisov, however, fails to establish that conducting business with a Washington resident in New York constitutes an intentional act expressly aimed at the forum state of Washington. Therefore, the Court grants the Enterprise Defendants' motion to dismiss for lack of personal jurisdiction.

### 3. Failure to State a Claim Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### a. FCBA

The majority of Borisov's claims against Chase are based on Chase's alleged violation of the billing dispute procedures contained in the FCBA, which is part of the Truth In Lending Act, 15 U.S.C. § 1601. The FCBA was enacted to help consumers make informed decisions about the use of credit and to protect consumers against unfair and inaccurate credit billing practices. *GAC Finance Corp. of Spokane v. Burgess*, 16 Wn. App. 758, 760 (1977). To state a claim under the FCBA, plaintiff must allege "(1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of Section 1666." *Cunningham v. Bank One*, 487 F.Supp.2d 1189, 1191 (W.D. Wash. 2007) (citing *Beaumont v. Citibank (South Dakota) N.A. and Chase Bank*, 2002 WL 483431, *3 (S.D.N.Y. March 28, 2002)). "If a credit-card holder sends a written notice disputing a charge within sixty days of receiving a bill, the FCBA requires a credit-card issuer to acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its decision within ninety days." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d

877, 880 (9th Cir. 2011) (citing 15 U.S.C. § 1666(a)). If the credit card issuer's investigation causes it to believe that there was no error, the credit card issuer must send a written explanation to the credit card holder setting forth the reasons why "the [credit card issuer] believes" that the charge is valid. 15 U.S.C. § 1666(a)(3)(B)(ii).

In this case, Chase argues that Borisov fails to allege any failure to comply with the procedural requirements of § 1666. Borisov fails to address this argument and instead concentrates on Chase's failure to determine the validity of the credit card charges. Dkt. 22 at 3–5. In other words, Borisov asserts that Chase must investigate whether Borisov actually returned the vehicle to its proper location on the day it was due. Nothing in the FCBA requires Chase to engage in such an intensive investigation or even contest Snorac's documents asserting that the vehicle was not returned on time. Instead, the FCBA requires Chase to investigate the *charge* and then inform Borisov why it "believes" the subject charge is valid. 15 U.S.C. § 1666(a)(3)(B)(ii). Chase complied with these procedures on two separate occasions as evidenced by the documents embedded in Borisov's complaint. Thus, Borisov fails to state sufficient facts to support a violation of the FCBA, and the Court grants Chase's motion on these claims.

### b. CPA

To state a CPA claim, the plaintiff must allege (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784 (1986).

In this case, Chase moves to dismiss Borisov's CPA claim because it is based on untenable assertions. Dkt. 13 at 9. Borisov alleges that Chase violated the CPA by failing to resolve the billing dispute, failing to conduct a full investigation into the vehicles' whereabouts, and failing to comply with Washington's identity theft statutes. SAC at 22–26. The Court agrees with Chase that none of these allegations constitute an unfair or deceptive act. First, Chase complied with its FCBA obligations and Borisov fails to establish that such compliance was unfair or deceptive. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 47 (2009) (An act is unfair or deceptive if it "had the capacity to deceive a substantial portion of the public."). There is nothing deceiving about promptly responding to an alleged dispute, investigating, and then informing the card holder that the charge appears to be valid. Thus, Borisov's claim fails on this allegation.

Second, Borisov fails to establish that Chase had any duty to resolve factual disputes between its card holders and merchants. In other words, it is not unfair and deceptive to accept Snorac's documentation stating that Borisov did not properly return the vehicle on time. Thus, Borisov's claim fails on this allegation.

Finally, Borisov alleges that Chase violated Washington's identity theft statutes. RCW 9.35.040(1) provides victims of identification theft with a private cause of action when: (1) a victim submits a written request to a person or entity possessing information relating to the actual or potential identity theft, and (2) that person or entity fails to provide the victim with all relevant application and transaction information related to the transaction being alleged as a potential or actual identity theft. Liability cannot arise,

however, if the victim's written request does not include: (1) a government-issued photo identification card, or a copy thereof, (2) a copy of a filed police report evidencing the victim's claim, and (3) a written statement from the state patrol showing that the state patrol has on file documentation of the victim's identity.  RCW 9.35.040(2)(a)–(c); *see also State v. Evans*, 177 Wn.2d 186, 213–14 (2013) ("in order for victims to obtain this information [under RCW 9.35.040(1)], the statute requires victims to provide 'proof of positive identification,' including '[t]he showing of a government-issued photo identification card . . .' [and] a 'written statement from the state patrol showing that the state patrol has on file documentation of the victim's identity pursuant to the personal identification procedures in RCW 43.43.760.'").

In this case, Borisov fails to allege sufficient facts to state a claim against Chase for violation of the identity theft statutes or even respond to Chase's arguments regarding this failure.  Thus, the Court grants Chase's motion on this allegation as well and dismisses Borisov's CPA claim.

      **c.**      **Relief**

"A district court should not dismiss a pro se complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).  However, "the district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (internal quotation marks omitted)).

In this case, the Court concludes that Borisov should not be granted leave to amend to file a third amended complaint. Borisov's true dispute is with the parties that this Court lacks personal jurisdiction over. Thus, any amendment as to those parties would be futile. Regarding Chase, Borisov's own complaint includes letters to show that Chase complied with its obligations as a credit card issuer. Thus, filing an amended complaint against Chase would not only be futile but could also be considered borderline harassment. Therefore, the Court denies Borisov leave to amend.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Chase's motion to dismiss, Dkt. 13, and the Enterprise Defendants' motion to dismiss, Dkt. 16, are **GRANTED** and Borisov's motion for summary judgment, Dkt. 14, is **DENIED as moot**.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 24th day of January, 2019.

BENJAMIN H. SETTLE
United States District Judge