UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLEG ANATOLYEVICH BORISOV,<br><br>        Plaintiff,<br><br>   v.<br><br>ALAMO RENT A CAR, et al.,<br><br>        Defendants. | CASE NO. C18-5847 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Oleg Anatolyevich Borisov's ("Borisov") motion for reconsideration. Dkt. 35.

On April 25, 2018, Borisov filed a complaint in Clark County Superior Court for the State of Washington. *Borisov v. Alamo Rent A Car*, Cause No. C18-5429BHS, Dkt. 1-2. On May 30, 2018, Chase removed the matter to this Court. *Id.*, Dkt. 1. On June 4, 2018, Borisov filed an amended complaint dismissing his only federal claim. *Id.*, Dkt. 13. On August 20, 2018, the Court *sua sponte* remanded after declining to exercise supplemental jurisdiction over Borisov's remaining state law claims. *Id.*, Dkt. 37.

On or after September 17, 2018, Borisov served Defendants Alamo Rent A Car, Enterprise Holdings, Inc., and Snorac, LLC ("Enterprise Defendants") with a copy of his

ORDER - 1

second amended complaint ("SAC"). Dkt. 1 at 2 (Defendants Chase Bank USA, National Association, JPMorgan Chase & Co., and JPMorgan Chase Bank National Association (collectively "Chase") "were not served with this second amended complaint but received a copy of the second amended complaint from their codefendants' counsel on October 2, 2018."). On October 17, 2018, Chase removed the matter to this Court. Dkt. 1.

On January 24, 2019, the Court granted Enterprise and Chase's motions to dismiss. Dkt. 33. On January 27, 2019, Borisov filed a motion for reconsideration. Dkt. 35. Although the majority of Borisov's motion is without merit, Borisov challenges the Court's removal jurisdiction based on his assertion that his SAC was never filed in state court. Dkt. 35 at 5. Jurisdiction is a threshold issue that must be addressed before proceeding to the merits. *See, e.g.*, *Longacre v. Meyers*, 744 Fed. Appx. 452, 453 (9th Cir. 2018) ("Because the removal was improper and the district court lacked subject matter jurisdiction over Longacre's action, we vacate the judgment and remand with instructions to remand the federal claims to state court.").

On January 29, 2019, the Court requested a response from Chase and renoted Borisov's motion. Dkt. 36. On February 5, 2019, Chase responded. Dkt. 37. On February 6, 2019, Borisov replied. Dkt. 38.

In this case, the Court agrees with Chase that receipt of the SAC was sufficient to trigger removal. The relevant statute provides that a defendant may remove upon "receipt" of an amended pleading. 28 U.S.C. § 1446(b). Thus, once Chase received the SAC, it was authorized to remove the matter even though Borisov did not file the SAC in state court. Proper removal means that the Court had jurisdiction to consider Chase's

motion for summary judgment. Therefore, the Court denies Borisov's motion for reconsideration on this issue.

Upon review of the remaining issues, the Court also denies Borisov's motion on every other issue raised because he fails to establish a manifest error of law.

**IT IS SO ORDERED**.

Dated this 1st day of April, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge